**Richard L. WHITLEY, Petitioner-Appellant,**

v.

**Raymond M. MUNCY, Warden, et al., Respondents-Appellees.**

No. 87–4001.

United States Court of Appeals, Fourth Circuit.

Submitted July 2, 1987.

Decided July 2, 1987.

Timothy M. Kane, for petitioner-appellant.

Richard B. Smith, Asst. Atty. Gen., Jerry P. Slonaker, Sr. Asst. Atty. Gen., Richmond, Va., for respondents-appellees.

Before WINTER, Chief Judge, and WIDENER and SPROUSE, Circuit Judges.

PER CURIAM:

Our previous opinion in this case, *Whitley v. Bair*, 802 F.2d 1487 (4th Cir.1986), affirmed the denial of federal habeas corpus relief. Certiorari was denied in that case by the Supreme Court on March 30, 1987, —— U.S. ——, 107 S.Ct. 1618, 94 L.Ed.2d 802 (1987). On June 20, 1987, Whitley filed in the district court his present habeas petition which is now on appeal. The district court denied relief and dismissed that petition on June 30, 1987. The case now comes to us on appeal upon Whitley's application for a certificate of probable cause, upon his application for a stay of execution pending appeal, and upon the Commonwealth's response. We grant the certificate of probable cause, but we deny a stay of execution, and we affirm the judgment of the district court.

The sole question presented in this appeal is whether, in view of the case of *Giarratano v. Murray*, 668 F.Supp. 511,

(E.D.Va.1986), the performance of Whitley's attorneys in his state habeas petition should be judged by the constitutional standard of ineffectiveness of counsel. *Giarratano*, which is now on appeal and not yet argued, held that, in order to provide prisoners under a death sentence with equal access to the courts, the Commonwealth had to see to the appointment of an attorney before a habeas corpus petition was filed for such a prisoner rather than after the filing of a petition as was the practice. The argument goes that since there is a constitutional right to have an attorney appointed in a state habeas corpus proceeding, then that attorney's performance must be judged by constitutional standards. *Giarratano* was decided December 18, 1986. On May 18, 1987, the Supreme Court decided *Pennsylvania v. Finley*, ___ U.S. ___, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). In that case, the Supreme Court decided that an attorney who was appointed in Finley's state collateral review case did not have to meet the standards of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), a constitutional standard, because the prisoner had no constitutional right to an appointed attorney in the state collateral review proceeding. *Finley* forecloses Whitley's contention on appeal.

The district court dismissed the instant habeas petition under *Finley* and correctly noted that *Smith v. Murray* had held that the standards for procedural default are not different in capital and non-capital cases. *Smith v. Murray*, 477 U.S. 527, ___, 106 S.Ct. 2661, 2667–69, 91 L.Ed.2d 434 (1986).

We also note that the real question in this case is the effectiveness of Whitley's trial counsel at the sentencing hearing. This question has been examined on the merits in the state habeas proceeding as well as in the previous federal proceeding reported in our court at 802 F.2d 1487. Counsel's performance was held to be not ineffective.

We add that we are of opinion that any constitutional violation which may have been procedurally defaulted has not resulted "in the conviction of one who is actually innocent," *Murray v. Carrier*, 477 U.S. 478, ___, 106 S.Ct. 2639, 2650, 91 L.Ed.2d 427 (1986), and are further of opinion that any refusal to consider Whitley's defaulted claims on their merits does not carry with it the risk of a manifest miscarriage of justice. *Smith v. Murray*, 477 U.S. 527, ___, 106 S.Ct. 2661, 2668, 91 L.Ed.2d 434 (1986).

A certificate of probable cause is GRANTED.

The application for a stay of execution is DENIED.

The judgment of the district court is AFFIRMED.

Let the mandate issue forthwith.