840 F.2d 11
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sehid MOHAMMED, Petitioner-Appellant,
v.
Ralph PACKARD, Warden, Respondent-Appellee.
 No. 87-7264.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 23, 1987.
Decided: Feb. 9, 1988.
 
 Sehid Mohammed, appellant pro se.
 Patricia Storch, Office of the Attorney General, for appellee.
 Before WIDENER, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Sehid Mohammed, a Maryland inmate, appeals the judgment of the district court dismissing his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus.
 
 
 2
 In 1983 Mohammed was given a ten year sentence in exchange for his guilty plea on a rape charge. Subsequently, Mohammed filed a state petition for post-conviction relief alleging among other things that (1) he had received ineffective assistance from his attorney, (2) his guilty plea was involuntary, and (3) the state withheld exculpatory evidence. Mohammed, who was represented by an attorney at these state proceedings, also contended that the judge should recuse himself from reviewing his post-conviction proceeding because the same judge had heard pretrial motions in the criminal case. The state court concluded that Mohammed's claims were without merit and dismissed the action. Mohammed filed an application to appeal this decision; however, it was dismissed as untimely filed. Mohammed then filed a motion for a new trial and another petition for post-conviction relief, both of which were denied; his appeal from this denial of relief was also denied.
 
 
 3
 In his current federal petition Mohammed asserts that (1) his guilty plea was obtained through trickery, (2) he did not waive his right to a jury trial since his plea was improperly obtained, (3) he received ineffective assistance of counsel in connection with his plea, (4) the state withheld exculpatory evidence, (5) he received ineffective assistance of counsel at the post-conviction hearing, and (6) the judge at the post-conviction hearing abused his discretion by failing to recuse himself. The district court determined that it was appropriate to presume the correctness of the state court's findings as to Mohammed's first three claims and that his final claims were without merit and dismissed the petition. Mohammed appealed.
 
 
 4
 Where a state court hearing is held and there is a reliable record of the proceedings, factual determinations made by the state court are presumed correct. 28 U.S.C. Sec. 2254(d). Before a federal court may rely on the presumption of correctness afforded by Sec. 2254(d), however, it must review the complete state court record to determine whether the petitioner received a full and fair evidentiary hearing resulting in reliable findings which are fairly supported by the record. See Townsend v. Sain, 372 U.S. 293, 319 (1963) (complete record, including transcript, is indispensable in determining whether applicant received fair evidentiary hearing resulting in reliable findings). Here the district court relied on the state court's findings in concluding that Mohammed's plea was voluntary and his counsel was effective without engaging in the necessary review of the state court records. As the transcripts of the plea colloquy and the post-conviction evidentiary hearing were not filed in or considered by the district court, reliance on the presumption of correctness in rejecting Mohammed's first three claims relating to the validity of his plea and the effectiveness of counsel was improper.
 
 
 5
 In his fourth allegation Mohammed contends that the prosecution withheld a victim's deposition and affidavits at trial. The materials submitted in support of this contention, however, postdate the entry of Mohammed's plea, and Mohammed has not alleged that at the time of his guilty plea the defendants had any knowledge of the possibility that the victim would later change her story or that they had access to any of the alleged exculpatory evidence. Thus, Mohammed's fourth allegation fails to state a claim for relief.
 
 
 6
 In his fifth claim Mohammed asserts that he is entitled to habeas relief because he received ineffective assistance from his attorney at the post-conviction proceedings. While there is a constitutional right to counsel at the initial criminal trial and the direct appeal from that trial, there is no right to counsel in discretionary collateral attacks on the conviction. Pennsylvania v. Finley, 55 U.S.L.W. 4612 (U.S. May 18, 1987) (No. 85-2099). Accordingly, because there is no constitutional right to counsel there is no constitutional right to effective assistance of counsel at that stage. See Whitley v. Muncy, 823 F.2d 55, 56 (4th Cir.1987). The district court also properly dismissed Mohammed's final claim as failing to state a cause of action under Sec. 2254.
 
 
 7
 Because we believe that further review of the state court records is required, we grant a certificate of probable cause to appeal and vacate and remand for further proceedings as to Mohammed's first three claims. We affirm the judgment as to the last three claims. On remand the district court should supplement the record with the state court records, including the transcripts of the plea colloquy and post-conviction evidentiary hearing.
 
 
 8
 Because the dispositive issues have been decided authoritatively, we dispense with oral argument.
 
 
 9
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.