842 F.2d 1291
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald Leroy HOWARD, Petitioner-Appellant,
v.
James E. JOHNSON; Attorney General of Virginia,
Respondents-Appellees.
 No. 87-6620.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1988.
Decided March 7, 1988.
 
 Ronald Leroy Howard, appellant pro se.
 Frank Sneed Ferguson, Office of the Attorney General of Virginia, for appellees.
 Before K.K. HALL, JAMES DICKSON PHILLIPS, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ronald Leroy Howard, a Virginia prisoner, was convicted of two counts of robbery and two counts of using a firearm in the commission of a felony. The two victims of the robbery, Carolyn Peterson and Soheil Rasavi, testified that two men had been involved in the robbery and identified Howard as the gunman. Another man, John Wright, had confessed to the robbery but did not testify at Howard's trial.
 
 
 2
 Howard claims that he received ineffective assistance of counsel at trial,[1] that the prosecution knowingly used perjured testimony against him, and that he received ineffective assistance of counsel during state post-conviction proceedings.
 
 
 3
 Howard alleges that his attorney knew before trial that Carolyn Peterson, one of the robbery victims, had previously identified John Wright as the gunman in the robbery and that, when she was shown a picture of Howard, she had stated that she had never seen him before. He argues that his attorney should have insisted on Peterson's attendance at the hearing on his motion to suppress the victims' identifications, and that he should have attacked her testimony at trial with her previous inconsistent statements.
 
 
 4
 To prevail on an ineffective assistance of counsel claim, a defendant must show that his attorney's actions were professionally unreasonable and that, absent these unreasonable actions, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Id. at 689.
 
 
 5
 Howard's attorney acted reasonably in allowing the suppression hearing to go forward even though Peterson was not available to testify. At that point, he had no reason to believe that Peterson would be able to identify Howard as one of the robbers. In addition, the prosecutor stated at the beginning of the hearing that, to the best of his knowledge, Peterson had not identified Howard as one of the robbers.
 
 
 6
 Howard was not prejudiced by his attorney's failure to question Peterson about her previous identification of Wright as the gunman in the robbery and about her alleged subsequent inability to recognize a photograph of Howard. Peterson admitted that she had not selected Howard's photograph from a photo array containing his picture, even though she was looking for both robbers in the array. A detective testified that the array contained Howard's photograph. Because the other victim's identification testimony at trial was very convincing, it is unlikely that the verdict in this case would have been different had Howard's attorney attempted to undermine Peterson's identification testimony further.
 
 
 7
 Howard also claims that the prosecution knowingly used perjured testimony to obtain his conviction. He asserts that the prosecution knew that Peterson's testimony that he was the gunman was false because it contradicted her earlier statements to police as well as the confession of John Wright, who, according to Howard, had admitted that he was the gunman in the robbery. Howard has merely alleged that the testimony of the prosecution witnesses was inconsistent. Such inconsistencies, without more, do not establish the knowing use of perjured testimony. United States v. Griley, 814 F.2d 967, 971 (4th Cir.1987).
 
 
 8
 Finally, Howard claims that he received ineffective assistance of counsel on appeal from the denial of his state petition for post-conviction relief. As he had no right to counsel in that appeal, it necessarily follows that he had no right to the effective assistance of counsel. See Pennsylvania v. Finley, 55 U.S.L.W. 4612 (U.S. May 18, 1987) (No. 85-2099); Whitley v. Muncy, 823 F.2d 55 (4th Cir.1987).
 
 
 9
 For the reasons stated above, we deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 10
 DISMISSED.
 
 
 
 [1]
 Howard alleges that his attorney violated Brady v. Maryland, 373 U.S. 83 (1963), by withholding exculpatory evidence from him. As Brady prohibits only the prosecution's withholding of exculpatory evidence, we treat this allegation as an ineffective assistance of counsel claim